IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

PATRICK REID,

        Plaintiff,

v.                                                                                                No. CIV 10-335 BB/ACT

FELIX VALDEZ, LEONARD ARMIJO, and PAUL WATKINS, in their individual capacities, DARREN WHITE and the BERNALILLO COUNTY COMMISSIONERS, in their official capacities,

        Defendants.

MEMORANDUM OPINION
AND
ORDER ALLOWING AMENDMENT

THIS MATTER is before the Court on *Plaintiff's Motion for Leave to File a Second Amended Complaint* (doc. 55). After reviewing all submissions of counsel, the Court will Grant the motion In Part.

I.    *Procedural Background*

Plaintiff filed his Complaint for Civil Rights Violations and Common Law Torts on March 23, 2010. Defendants timely removed and answered the Complaint on April 9, 2010.

**Plaintiff filed his First Amended Complaint, with Defendants concurrence, on July 16, 2010. On August 5, 2010, Plaintiff took the deposition of Defendants' Rule 30(b)(6) designee on policies and procedures concerning DWI ("driving while intoxicated"). That witness testified that some type of memo generated by Bernalillo County Sheriff's Office ("BCSO" or the "County") command had gone out to BCSO deputies on the topic of deputy discretion to subject an arrestee to a blood test. However, the County's designated witness had not brought that memo to the County's deposition, and could not specify when the memo went into effect.**

**On August 25, 2010, indicating that "there is no written SOP regarding the issue of a deputy's discretionary use of breath/blood testing but we will provide a memorandum addressing same, Plaintiff requested any documentation of the policies discussed during deposition again, via email. The County then responded that its Rule 30(b)(6) representative did not believe, contrary to his earlier testimony, that there was a "formal memo or SOP regarding the lack of discretion." Finally, on September 10, 2010, defense counsel provided a memo which was represented to be the command memo described by the County's 30(b)(6) witness at deposition   After the Court mandated settlement discussions on September 28, Plaintiff filed this motion to file a Second Amended Complaint on November 4, 2010.**

**II.     *Legal Standard***

Plaintiff argues that the applicable rule under which to analyze his proposed Second Amended Complaint is Rule 15.  However, since the deadline for amendment has already passed in this matter, Rule 16 is also applicable.  *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).  Under this standard, "the Court may grant leave to modify the pretrial schedule and amend the complaint under Rule 16(b) only if the schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Bradford, supra* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

When a party files a motion to amend after the scheduling order's deadline for amendment has passed, then the Court undertakes a two-step analysis: (1) the movant must first demonstrate to the Court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b); and (2) if the movant satisfies the "good cause" standard, it must then pass the requirements for amendments under Rule 15(a). *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C.), *aff'd*, 129 F.3d 116 (4th Cir. 1997); *Crockett & Meyers, Ltd. v. Napier, Fitzgerald & Kirby, LLP.*, 430 F. Supp. 2d 1157, 1163 (D. Nev. 2006).

**III.    *Discussion***

    **A.    *Good cause to modify the pretrial order***

        **1.    Count V**

If the party seeking the modification 'was not diligent the inquiry should end.' *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations*, 975 F.2d at 609)).  Plaintiff has shown good cause to now add Count V regarding whether Bernalillo County had an unconstitutional policy requiring arrestees to be subjected to blood testing.  In June 2010, Plaintiff sent Requests for Production of Documents and scheduled a Rule 30(b)(6) deposition to discover County documents relevant, *inter alia*, to this subject.  At the Rule 30(b)(6) deposition in August, the County's representative that testified BCSO has no "formal policy" but that a memo on the subject had been sent out at some indefinite time in the past.  Subsequent to the deposition, Plaintiff was repeatedly told there was no such memo.  On September 10, 2010, however, defense counsel produced the "command memo" responsive to the previous Request for Production and 30(b)(6) notice.

The County complains that while it took the County at least six weeks[1] to find and produce the command memo, Plaintiff had it for six weeks before he moved to amend the complaint.  In addition to the late disclosure being the fault of Defendant, it also ignores the fact the parties had to prepare for the Court-ordered settlement

---

[1]    Arguably this memo should have been disclosed and/or produced back in July in response to the Interrogatories and Requests for Production.

4

conference on September 28.  Plaintiff has cleared the "good cause" hurdle.  *See Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

Defendants have come forward with no showing that permitting the filing of the second amended complaint would cause any prejudice, so the addition of Count V should also be permitted under Federal Rule of Civil Procedure 15.  *Bradford v. DANA*, 249 F.3d at 809 (prejudice should be considered if "good cause" shown).

    2.    Count IV

The facts as to Count IV, potentially a new claim against Defendant Armijo, are different.  Plaintiff wishes to amend the complaint to allege Deputy Armijo had, along with Defendant Valdez, caused "a blood test to be taken without reasonable grounds or probable cause to do so.  (Second Am. Compl. ¶ 61).  Plaintiff gives no explanation supporting "good cause" for not including it in the First Amended Complaint other than Deputy Armijo's deposition was not taken until August 30, 2010.  Why Armijo's deposition was not taken until August 30 is not explained.  This does not meet the Rule 16 standard.  *Strope v. Collins*, 315 Fed. Appx. 57 (10th Cir. 2009); *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 496 (S.D. Tex. 2009).  Moreover, as counsel for Armijo points out, the amendment would be futile.  Plaintiff's only argument is that a discussion between Plaintiff and Armijo about marijuana use preceded Plaintiff's blood test and despite his denial of use "may" have caused the blood test.  This is insufficient. *Fabio v. Credit Bureau of Hutchinson, Inc.*, 210 F.R.D. 688 (D. Minn. 2002).

**O R D E R**

For the reasons stated above, *Plaintiff's Motion for Leave to File a Second Amended Complaint* is GRANTED. The Second Amended Complaint should be filed within five (5) working days.

SO ORDERED this 6th day of January, 2011.

_____
**BRUCE D. BLACK**
**Chief Judge**